

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kelly Cephas-Hill,

    Plaintiff,

v.

Linden Medical Center/Mid-Ohio
Family Practice Associates, *et al.*,

    Defendants.

Case No. 2:20-cv-4281

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Linden Medical Center/Mid-Ohio Family Practice Associates ("Linden Medical"), West Broad Family Health Care Center ("West Broad Family Health"), and Nathaniel Thompson ("Thompson," collectively "Defendants") move to dismiss Plaintiff's second claim.[1] ECF Nos. 5, 12. For the following reasons, Defendants' motion is **DENIED**.

### I.    FACTS[2]

Thompson is an owner or agent of both Linden Medical and West Broad Family Health, which are private medical practices and/or pharmacies in Columbus, Ohio. Compl. ¶ 2, ECF No. 1. Plaintiff is a nurse practitioner who

---

[1] Defendants initially moved to dismiss the entirety of Plaintiff's Complaint but subsequently withdrew the portion of their motion aimed at Plaintiff's first claim. ECF Nos. 5, 12.
[2] The Court accepts Plaintiff's factual allegations as true for purposes of Defendants' motion.

worked for Defendants from August 2019 through February 2020. *Id.* ¶ 4. For her second claim, Plaintiff alleges that Defendants violated the overtime provisions of the Fair Labor Standards Act ("FLSA"). *Id.* ¶¶ 14–22. Specifically, she alleges that Defendants are covered by the FLSA, that she is entitled to overtime pay for all overtime hours worked, and that Defendants "had a policy or practice of failing and refusing to pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours per week." *Id.* ¶¶ 15–18.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). While the court must "construe the complaint in the light most favorable to the plaintiff," *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002), the plaintiff must provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Defendant argues that Plaintiff's FLSA claim should be dismissed because nurse practitioners generally fall under the "learned professional" exemption of the FLSA and because she was paid a bi-weekly salary of $3,456.00. Mot. 9, ECF No. 5. Plaintiff responds that she was not salaried, that Defendants have "produced no controlling authority for their position," and that other courts have permitted nurse practitioners to sue under the FLSA. Resp. 3–7, ECF No. 13.

Both parties rely on evidence outside the pleadings to support their arguments. Defendants point to an affidavit from Thompson to demonstrate that Plaintiff was a salaried employee; Plaintiff seeks to use payroll records to show that she was paid on an hourly basis. Mot. 9, ECF No. 5, Resp. 3–6, ECF No. 13. It is inappropriate for the Court to consider matters outside of the pleadings at this juncture. *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) (citations omitted) (explaining that a motion under Rule 12(b)(6) is directed to the "sufficiency of the plaintiff's claim" and a court "may consider only matters properly part of the complaint or pleadings in deciding the motion"). Although the United States Court of Appeals for the Sixth Circuit takes a "liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)," that view does not extend to documents that are not even referenced in the pleadings. *Armengau*, 7 F. App'x at 344; *see also Bricker v. R & A Pizza, Inc.*, 804 F. Supp.

2d 615, 619 (S.D. Ohio 2011) (finding exhibits to be outside the pleadings where they were "not specifically referred to in the complaint"). Accordingly, the Court disregards these exhibits.

"FLSA overtime exemptions are affirmative defense[s] on which the employer has the burden of proof." *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007) (internal quotation marks and citations omitted). As explained above, Defendants have pointed to documents outside the pleadings, rather than to any factual allegation within Plaintiff's Complaint, to support their affirmative defense that Plaintiff is exempt from the FLSA overtime provisions. Because the Court does not rely on these documents when ruling on a motion to dismiss, Defendants have failed to satisfy their burden for the affirmative defense of exemption. Consequently, Defendants' motion is denied.

## IV. CONCLUSION

For these reasons, Defendants' motion is **DENIED**. The Clerk is directed to terminate ECF No. 5.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**